**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:20-cv-21760-GAYLES/OTAZO-REYES**

**MICHELINE LESSARD-LANCTOT
and DANIEL LANCTOT**,

      Plaintiffs,

v.

**MARY S. MOORE**,

      Defendant.
_____

**MARY S. MOORE**,

      Third-Party Plaintiff,

v.

**J. RAYMOND CONSTRUCTION CORP.**,

      Third-Party Defendant.
_____/

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court on Third-Party Defendant J. Raymond Construction Corp.'s ("J. Raymond") Motion to Dismiss Third-Party Complaint (the "Motion") [ECF No. 25]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND[1]

The Third-Party Complaint stems from a lawsuit filed by Plaintiffs Micheline Lessard-Lanctot ("Lessard-Lanctot") and Daniel Lanctot (collectively, "Plaintiffs") against Defendant/Third-Party Plaintiff Mary S. Moore ("Moore") for alleged injuries and loss of consortium caused by Moore's negligent driving. *See* [ECF No. 18].

On February 14, 2019, Plaintiffs were crossing 183rd Street in Sunny Isles Beach, Florida. Plaintiffs believed the two white, parallel lines on the road were a crosswalk that extended to the street's end. However, the lines did not extend entirely across the street because J. Raymond, a construction company that performs road resurfacing and asphalting, negligently paved or otherwise obscured them. Moore, who was at a stop sign waiting to exit a parking lot, did not see the white, parallel lines or Plaintiffs from her vantage point. Upon turning left onto 183rd Street, Moore struck Plaintiff Lessard-Lanctot with her vehicle, causing Plaintiff Lessard-Lanctot to fall and hit her head.

On July 8, 2020, Moore filed a Third-Party Complaint against J. Raymond alleging common law indemnity (Count I) and statutory contribution (Count II). [ECF No. 20]. On August 6, 2020, J. Raymond moved to dismiss Moore's claims. [ECF No. 25]. J. Raymond argues that Moore fails to state a claim for common law indemnity because she does not plead sufficient factual allegations to meet the "special relationship" requirement. J. Raymond also contends that Moore fails to state a claim for statutory contribution because such a claim is unavailable under Florida Statute § 768.81.

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Third-Party Plaintiff's allegations in the Third-Party Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

**LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

**ANALYSIS**

**I.   Common Law Indemnity**[2]

Under Florida law, a party seeking indemnification must show that: (1) "the party seeking indemnification . . . [is] without fault, and [] liability must be vicarious and solely for the wrong of another" and (2) "indemnification can only come from a party who was at fault." *Dade Cnty.*

---

[2] Because this action is based in diversity jurisdiction, the Court applies Florida substantive law. *See Erie R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938) (requiring federal courts in diversity actions to apply the *substantive* law of the state in which it sits). "In rendering a decision based on state substantive law, a federal court must 'decide the case the way it appears the state's highest court would.'" *Q.B.E. Ins. Corp. v. Jorda Enters. Inc.*, No. 10-CIV-21107, 2010 WL 11442644, at *2 (S.D. Fla. Aug. 18, 2010) (citation omitted).

*Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999) (citations omitted). Florida courts additionally require "a special relationship between the parties in order for common law indemnification to exist." *Id.* (citation omitted). "A special relationship is one that makes the defendant vicariously, constructively, or derivatively liable for the acts of the party against whom [indemnification] is sought." *Q.B.E Ins. Corp. v. Jorda Enters. Inc.*, No. 10-CIV-21107, 2010 WL 11442644, at *2 (S.D. Fla. Aug. 18, 2010) (citing *Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 493 (Fla. 1979)). Generally, a special relationship exists where "a third-party defendant has breached a duty arising under a contract with [a] third-party plaintiff or breached some other duty implied by the parties' conduct." *Kesslak v. Tower Hill Preferred Ins. Co.*, No. 3:08cv303 MCR/MD, 2009 WL 3161808, at *2 (N.D. Fla. Sept. 28, 2009) (citing *Seaboard Coast Line R.R. Co. v. Smith*, 359 So. 2d 427, 428 (Fla. 1978)); *see Hess v. Coca-Cola Refreshments USA, Inc.*, No 8:13-cv-3136-T-33EAJ, 2014 WL 6909439, at *5 (M.D. Fla. Dec. 9, 2014) (denying motion to dismiss where fourth-party plaintiff alleged fourth-party defendant breached a duty of care, and a special relationship existed between the two parties pursuant to an agreement).

J. Raymond argues that Moore fails to state a claim for common law indemnity because she does not plead the existence of, or facts that would give rise to, a special relationship between her and J. Raymond. Moore contends that at least one federal district court applying Florida law viewed a special relationship as simply describing a relationship where the faultless party is "only vicarious[ly], constructively, derivatively, or technically liable" for another party's negligence. [ECF No. 27 at 3]. However, Moore fails to plead sufficient factual allegations to show that she is "vicariously, constructively, derivatively, or technically" liable for J. Raymond's alleged negligent acts. In *Mortgage Contracting Services, LLC v. J&S Property Services LLC*, the plaintiff there properly plead a special relationship by alleging that it was only vicariously liable for the

4

underlying lawsuit and that the defendant failed to perform services the plaintiff hired it to complete pursuant to an agreement. No. 8:17-cv-1566-T-36CPT, 2018 WL 3219386, at *4 (M.D. Fla. July 2, 2018) (discussing *Diplomat Props. Ltd. P'ship v. Technoglass, LLC*, 114 So. 3d 357, 362 (Fla. 4th DCA 2013)). Here, however, Moore does not allege the existence of a contract or prior relationship with J. Raymond and fails to provide additional factual allegations to support her conclusory statement that she "would only be liable to [Plaintiffs] for the negligent acts of J. Raymond under a vicarious, constructive, derivative, or technical basis." [ECF No. 20 at 4 ¶ 23]. Even taking the factual allegations as true, the Third-Party Complaint at most demonstrates relative fault between Moore and J. Raymond for their independent acts—Moore's driving and J. Raymond's roadwork. "Florida law is clear that in the absence of a contract, duty to pay, or other 'special relationship' between the parties, an indemnity claim should be dismissed." *Kesslak*, 2009 WL 3161808, at *2 (citing *Brickell Biscayne Corp. v. WPL Assoc., Inc.*, 671 So. 2d 247, 248–49 (Fla. 3d DCA 1996)). Thus, Count I must be dismissed without prejudice.[3]

## II.   Statutory Contribution

J. Raymond contends that Moore's statutory contribution claim must be dismissed because Florida's comparative fault statute does not provide a cause of action for statutory contribution. J. Raymond also argues that Moore's sole remedy is to seek allocation of fault against J. Raymond as a non-party. Section 768.81 provides that "[i]n a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." Fla. Stat. § 768.81(3). Courts in this district

---

[3] Leave to amend is not appropriate where amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (a district court need not grant leave to amend "where amendment would be futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *see also Russ v. Berchtold Corp.*, No. 12-cv-24482, 2013 WL 12092522, at *2 (S.D. Fla. Aug. 12, 2013) (dismissing the defendant's indemnity cross-claim against the plaintiff with prejudice because the defendant's allegations, if true, would not show the existence of a special relationship, but rather, would only demonstrate relative fault between the two parties). As the Court cannot find that amendment would be futile here, Moore will be given an opportunity to properly plead her claim.

have previously dismissed statutory contribution claims under Florida law, holding that § 768.81(3) essentially "rendered obsolete" a claim for statutory contribution in a negligence case. *See, e.g.*, *Zazula v. Kimpton Hotels & Rests., L.L.C.*, No. 10-CIV-21381, 2011 WL 1741907, at *2 (S.D. Fla. May 2, 2011) (quoting *T & S Enterp. Handicap Accessibility, Inc. v. Wink Indus. Maint. & Repair, Inc.*, 11 So. 3d 411, 413 (Fla. 2d DCA 2009)) (dismissing with prejudice third-party plaintiff's contribution claim in a negligence case where the third-party plaintiff alleged that the third-party defendant was a joint tortfeasor, or wholly at fault); *see also T & S Enterp. Handicap Accessibility, Inc.*, 11 So. 3d at 412–13 (holding contribution claims brought prior to judgment are obsolete because defendants may allege comparative fault of a non-party).

Here, Moore brings her statutory contribution claim in "the alternative and only in the event that it is adjudicated that [she] is liable to [Plaintiffs] for the damages asserted . . . ." [ECF No. 20 at 5 ¶ 25]. However, Moore's "prejudgment contribution claim is the improper method for [her] to seek to share [her] liability with others who may be at fault." *Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale, LLC*, No. 11-CIV-60665, 2012 WL 12838283, at *3 (S.D. Fla. May 29, 2012). Moore may appropriately seek to allocate fault to J. Raymond—as a non-party—by "affirmatively plead[ing] the fault," for instance, in the form of an affirmative defense, and proving it at trial by a "preponderance of the evidence." Fla. Stat. § 768.81(3)(a)(1)–(2); *see also T & S Enterp. Handicap Accessibility, Inc.*, 11 So. 3d at 412 ("In order to allocate any fault to a nonparty, a defendant must affirmatively plead this fault and prove it at trial 'by a preponderance of the evidence.'" (quoting Fla. Stat. § 768.81(3)(a) & (b))). Therefore, Count II must be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Third-Party Defendant J. Raymond Construction Corp.'s Motion to Dismiss Third-Party Complaint, [ECF No. 25], is **GRANTED**; and

2. Third-Party Plaintiff Mary S. Moore's Third-Party Complaint Against J. Raymond Construction Corp., [ECF No. 20], is **DISMISSED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of November, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE